UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO: 8:17-cr-397-CEH-AEP

SILVIO FERNANDO ANGULO-CORTES
_____

## ORDER

This matter comes before the Court upon Defendant Silvio Fernando Angulo-Cortes's Motion for Rule 35(b)(2) (Doc. 112) and Rebuttal to Government's Opposition to Movant's Motion for Sentence Reduction (Doc. 125). Proceeding *pro se*, Angulo-Cortes asks the Court to reduce his sentence because he provided substantial assistance to the Government. Doc. 112. He raises additional arguments for sentence reduction in his rebuttal. Doc. 125.

Also pending is Angulo-Cortes's Motion for Extension of Time or Stay of Judgment on Motion to Reduce Sentence (Doc. 124). In this motion, he asks the Court to stay its ruling on his Rule 35 motion until he could gather the materials necessary to respond to the Government's opposition. Doc. 124 at 1-2. Because he subsequently filed a rebuttal to the Government's opposition, *see* Doc. 125, the motion for extension of time will be denied as moot.

Upon review and consideration, the Court concludes Angulo-Cortes's motion for a sentence reduction is due to be denied.

I.   BACKGROUND

Angulo-Cortes was arrested in 2017 as one of three mariners in a maritime narcotics interdiction case. Doc. 66 at 1.  He pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 36.  The Government moved for a two-level downward departure based on the substantial assistance he had offered in an early proffer against his co-defendants after his arrest, which the Government explained had likely helped persuade them to plead guilty. Doc. 66 at 1-2.  In accordance with the Government's recommendation, the Court sentenced Angulo-Cortes to a term of 87 months. Docs. 90, 97.[1]

In the instant motion, Angulo-Cortes requests a reduction in his sentence because he provided substantial assistance to the Government. Doc. 112.  The Government responds in opposition, claiming that he has not substantially assisted the Government in any known capacity. Doc. 117 at 1-2.  In his reply, Angulo-Cortes identifies additional factors that he contends support a sentence reduction, such as his acceptance of responsibility, the ramifications of his incarceration on his family and community, and the impacts of the COVID-19 pandemic on daily life in prison. Doc. 125.

---

[1] On November 28, 2018, the Court vacated and immediately reinstated the judgment against Angulo-Cortes in order to permit him to file an out-of-time appeal by appointed counsel. Docs. 89, 101; *see Silvio Fernando Angulo-Cortes v. United States*, 8:18-cv-1943-CEH-AEP, dkt. 7 (M.D. Fla. Nov. 27, 2018) (granting in part motion to vacate under 28 U.S.C. § 2255).  His conviction was subsequently affirmed on appeal. Doc. 110.

## II. LEGAL STANDARD

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>> (A) information not known to the defendant until one year or more after sentencing;
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

## III. DISCUSSION

### A. Substantial Assistance

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). In general, the Government has only "a power, not a duty, to file a motion

3

when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. As a result, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. "[J]udicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis omitted).

Here, Angulo-Cortes seeks a sentence reduction because he provided substantial assistance by making a proffer shortly after his arrest. Doc. 112. Contrary to the Government's contention, *see* Doc. 117, the record supports Angulo-Cortes's claim of substantial assistance. *See* Doc. 66. However, he already received a two-level sentence reduction for that assistance, and there is no indication that he gave further assistance since then. Doc. 66 (Government's Rule 5(k) Motion); 90 (Court's Statement of Reasons reflecting reduction). Moreover, Angulo-Cortes has not made a showing that the Government's refusal to file a Rule 35 motion at this time is based on a constitutionally impermissible motive. *See Forney*, 9 F.3d at 1502-03. Accordingly, his motion for a sentence reduction based on substantial assistance is due to be denied.

## B. Other Arguments for Sentence Reduction

In his rebuttal to the Government's opposition, Angulo-Cortes raises new arguments in support of a sentence reduction that extend beyond Rule 35. Doc. 125. He asks the Court to reduce his sentence because of his acceptance of responsibility, the ramifications of his incarceration on his family and community, and the impacts of the COVID-19 pandemic on daily life in prison. *Id.* A motion for sentence reduction outside of Rule 35 is not properly before this Court. Mindful of Angulo-Cortes's *pro se* status, however, the Court will briefly address the merits of his arguments. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (courts must construe liberally the pleadings of a pro se petitioner).

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). One such circumstance, codified in § 3582(c)(1)(A)(i), permits courts to reduce a term of imprisonment if "extraordinary and compelling reasons" warrant it. The Eleventh Circuit has held that such reasons are exclusively defined by the policy statement of the United States Sentencing Commission, which lists: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1; *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Moreover, an incarcerated individual seeking release under §

5

3582(c)(1)(A) is required to exhaust his administrative remedies by filing a request with the Bureau of Prisons before seeking relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Angulo-Cortes does not indicate that he has exhausted his administrative remedies. Even if he had, however, he would not be entitled to a sentence reduction because he has not identified an extraordinary and compelling reason that falls within the strict parameters of the Sentencing Commission's policy statement. His brief reference to his family does not constitute a qualifying "family circumstance," which the policy statement defines as: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n. 1(C). The remaining factors Angulo-Cortes raises also do not constitute extraordinary and compelling reasons under the policy statement, and therefore do not permit this Court to reduce his sentence under § 3582(c)(1). His request for sentence reduction must be denied.

Accordingly, it is **ORDERED**:

1. Defendant Silvio Fernando Angulo-Cortes's Motion for Rule 35(b)(2) (Doc. 112) is **DENIED**.

2. Angulo-Cortes's Motion for Extension of Time or Stay of Judgment on Motion to Reduce Sentence (Doc. 124) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

7